1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

MATTHEW TREPANIER, a seaman, and
SARAH WILSON, his wife,,

CASE NO. 14-cv-5230

10

Plaintiffs,

ORDER DENYING DEFENDANT'S
MOTION TO STRIKE

11

v.

12

ROSS ISLAND SAND AND GRAVEL
COMPANY, an Oregon corporation; In
Personam, and the Dredge Tender
DESCHUTES, Official No. 1052828, a
vessel, her engines, equipment, tackle, and
appurtenances, In Rem,,

13

14

15

Defendant.

16

17      THIS MATTER is before the Court on Defendant's motion to strike part of Plaintiff's

18  complaint following Plaintiff Trepanier's injury at sea while working for Defendant Ross Island.

19  The allegations at issue are that Defendant backdated an OSHA filing detailing Plaintiff's injury

20  and that it failed to drug test employees who were involved with the injury. Defendant moves to

21  strike these allegations pursuant to Fed. R. Civ. P. 12(f) due to their "scandalous, impertinent,

22  and immaterial" nature, claiming that such allegations will cause undue prejudice before a jury.

23  Plaintiffs argue that both allegations are pertinent to Defendant's potential liability under the

24

1   Jones Act, unseaworthiness, and a possible presumption of liability and causation under *The*

2   *Pennsylvania* Rule, 86 U.S. 148 (1874). Plaintiffs further allege noncompliance with Fed. R. Civ.

3   P. 11(b) and request that Defendant show cause why it should not compensate Plaintiff for the

4   additional legal expenses incurred in responding to its allegedly frivolous motion.

5          Motions to strike are generally disfavored, and should only be granted if the matters lack

6   any possible relevance to the disputed issues. *In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 26

7   964, 969 (N. D. Cal. 2009). The allegations in the complaint may or may not directly substantiate

8   Plaintiff's claims, but they are far from scandalous or immaterial.  Defendant's failure to comply

9   with regulatory requirements that help to ensure a competent crew unquestionably has some

10  bearing on the issues in this case.  Plaintiffs subsequent sanction request is overly extreme and

11  equally unwarranted. Counsel for both parties is needlessly dramatizing a trivial matter.

12         Accordingly, Defendant's motion to strike Plaintiff's allegations is **DENIED**. Plaintiffs'

13  request for sanction is **DENIED**. Defendant's request to strike Plaintiff's submitted declarations

14  and exhibits is **DENIED**.

15         Dated this 4th day of June, 2014.

16

17         _____
           RONALD B. LEIGHTON
18         UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

ORDER DENYING DEFENDANT'S MOTION TO
STRIKE - 2